**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FLORET IKOME,<br><br>              Plaintiff,<br><br>    v.<br><br>SEAN W. O'DONNELL, *in his official capacity as the Inspector General of the United States Environmental Protection Agency*,<br><br>              Defendant. | Case No. 23-cv-3588 (JMC) |

## <u>MEMORANDUM OPINION</u>

Floret Ikome used to work for a company that did business with the Environmental Protection Agency (EPA). After Ikome was removed from his job, he sued the company alleging discrimination and retaliation. Ikome lost that case. Ikome also filed a whistleblower complaint with the EPA's Inspector General, alleging that he was removed from his role in retaliation for reporting his company's misconduct in its dealings with the EPA. After the Inspector General failed to issue a report in response to Ikome's complaint, Ikome filed another lawsuit against his former employer, this time alleging whistleblower retaliation. Another district court dismissed that lawsuit under the doctrine of claim preclusion, reasoning that Ikome could have but did not include his whistleblower retaliation claims in the first lawsuit. Now, Ikome has filed this third lawsuit, asking the Court to compel the Inspector General to issue a report about Ikome's complaint. Because the Inspector General is not at this point required to issue any report, the Court dismisses Ikome's complaint.[1]

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to

## I.    BACKGROUND

### A.  Statutory Background

"Congress enacted [41 U.S.C.] § 4712 as part of the National Defense Authorization Act for Fiscal Year 2013 as a 'Pilot program for enhancement of contractor protection from reprisal for disclosure of certain information.'" *Jacobs Proj. Mgmt. Co. v. U.S. Dep't of Interior*, 64 F.4th 123, 125 (3d Cir. 2023) (quoting Pub. L. No. 112-239, 126 Stat. 1632, 1837 (2013)). The law "prohibits contractors from engaging in reprisals against their employees for disclosing 'gross mismanagement of a Federal contract' or any other 'violation of [] law, rule, or regulation related to a Federal contract.'" *Id.* (quoting 41 U.S.C. § 4712(a)).

Section 4712 includes a remedial scheme, as well. First, a "person who believes that" they were "subjected to a reprisal" prohibited by the statute can "submit a complaint to the Inspector General of the executive agency involved." 41 U.S.C. § 4712(b)(1). "Unless the Inspector General determines that the complaint is frivolous, fails to allege a violation of the prohibition" in the statute, "or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant, the Inspector General shall investigate the complaint and, upon completion of such investigation, submit a report of the findings of the investigation." *Id.* The Inspector General has 180 days from the date she receives the complaint to either (1) "make a determination that the complaint is frivolous, fails to allege a violation[,] . . . or has previously been addressed in another Federal or State judicial administrative proceeding initiated by the complainant" or (2) "submit a report." *Id.* § 4712(b)(2)(A). The Inspector General can, however, request a 180-day extension from the "person submitting the complaint" if the Inspector General "is unable to complete [the] investigation in time to submit a report within the [initial] 180-day

documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

period." *Id.* § 4712(b)(2)(B). After the Inspector General issues a report, "the head of the executive agency concerned" has 30 days to decide whether any disciplinary or remedial actions are warranted. *Id.* § 4712(c)(1).

After those agency proceedings run their course, a complainant can bring a "de novo action at law or equity . . . seek[ing] compensatory damages and other relief available . . . in the appropriate district court of the United States." *Id.* § 4712(c)(2). The time for bringing that lawsuit is set by the statute. "If the head of an executive agency issues an order denying relief . . . , the complainant [is] deemed to have exhausted all administrative remedies" and can then file their lawsuit. *Id.* The complainant is also "deemed to have exhausted" and free to file suit if the "head of an executive agency . . . has *not issued* an order within 210 days after the submission of a complaint" or, in a case where the complainant consented to a 180-day extension of the Inspector General's time to issue a report, "not later than 30 days after the expiration of the extension of time." *Id.* (emphasis added). A complainant has "two years [from] the date on which remedies are deemed to have been exhausted" to file their lawsuit. *Id.* If the Inspector General issued a report or agency head issued an order, it is "admissible in evidence" in the lawsuit. *Id.* § 4712(c)(3). There is also a separate provision providing for judicial review of an order issued by the head of an agency. *Id.* § 4712(c)(5).

### B. Factual Background

Floret Ikome worked for CSRA, LLC—a federal contractor. *See* ECF 1 ¶ 7. In 2017, Ikome sued CSRA, alleging the company discriminated against him on the basis of race and national origin and retaliated against him by firing him after he complained about discrimination. *See id.* The District Court for the District of Maryland granted partial summary judgment to CSRA, and a jury resolved the remaining claims in CSRA's favor after a trial. *See id.* ¶¶ 8, 14; *Ikome v. CSRA,*

3

*LLC* (*Ikome I*), No. 17-cv-3407, 2019 WL 3253391, at *10 (D. Md. July 19, 2019) (summary judgment ruling); *Ikome I*, No. 17-cv-3407, ECF 147 (judgment).[2]

After the district court granted partial summary judgment but before the jury trial, Ikome filed a whistleblower complaint with the EPA's Inspector General. ECF 1 ¶ 9. In that complaint, Ikome alleged that CSRA fired him because he complained to federal officials about CSRA's misconduct in its dealings with the EPA. *See id.* Following the procedure outlined in 41 U.S.C. § 4712(b)(2), the Inspector General asked Ikome for a 180-day extension of time to complete an investigation and report. *See id.* ¶ 10. Ikome agreed. *See id.* But the extended deadline came and passed without the issuance of any report. *See id.* ¶ 11. Nevertheless, staff from the Inspector General's office "repeatedly told" Ikome that the office was "still investigating" Ikome's allegations, and Ikome sat for several interviews and provided information "over the course of nearly two years." *Id.* ¶¶ 12, 15. Finally, two years after the extended deadline, Ikome filed a whistleblower retaliation lawsuit in federal court. *See id.* ¶¶ 16–17. Ikome filed his complaint on the last day allowed under the statute of limitations. *See id.*; 41 U.S.C. § 4712(c)(2).

The District Court for the Eastern District of Virginia dismissed Ikome's whistleblower complaint under Rule 12(b)(6). *See* ECF 1 ¶ 18; *Ikome v. Gen. Dynamics Info. Tech., Inc.* (*Ikome II*), No. 22-cv-1004, 2023 WL 3901791, at *7 (E.D. Va. June 7, 2023). The court reasoned that the whistleblower lawsuit "ar[o]se out of the same . . . core of operative facts" as Ikome's previous discrimination and retaliation lawsuit—his "termination by CSRA." *Ikome II*, 2023 WL 3901791, at *5. Because its other requirements were also satisfied, "the doctrine of claim preclusion" barred Ikome's whistleblower lawsuit. *Id.* at *7; *see also* ECF 1 ¶ 18.

---

[2] On a motion to dismiss, the Court can "take judicial notice" of "public documents filed on a court docket." *Lewis v. Parker*, 67 F. Supp. 3d 189, 195 n.6 (D.D.C. 2014).

Ikome then filed this lawsuit. In this case, he challenges the EPA's Inspector General's failure to issue a report in response to Ikome's whistleblower complaint. *See* ECF 1 ¶ 20. Under section 706(1) of the Administrative Procedure Act (APA), Ikome seeks to "compel" the Inspector General to issue the report, claiming its issuance has been "unlawfully withheld or unreasonably delayed." *Id.* ¶¶ 23–25; *see* 5 U.S.C. § 706(1). Alternatively, Ikome seeks a writ of mandamus compelling the Inspector General "to investigate and submit [the] report." ECF 1 ¶ 29. The Inspector General moved to dismiss the APA claim under Rule 12(b)(6) for failure to state a claim, and the mandamus claim under Rule 12(b)(1) for lack of jurisdiction. *See* ECF 8 at 6–7.

## II.    LEGAL STANDARD

Faced with a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, a court takes the "factual allegations in the complaint as true." *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021). The same is true for a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accepting those facts, and drawing all reasonable inferences in the plaintiff's favor, the court asks if the complaint "contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* at 678.

## III.    ANALYSIS

Ikome's complaint alleges one claim for agency action "unlawfully withheld or unreasonably delayed" under section 706(1) of the APA, and another under the Mandamus Act. *See* ECF 1 at 4–5. "[T]he standards for obtaining relief" on those two claims "are essentially the same." *Vietnam Vets. of Am. v. Shinseki*, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010). To prevail on either, Ikome needs to have plausibly alleged—among other things—that the Inspector General has failed to take an action that he "is *required to take*." *Norton v. S. Utah Wilderness All.* (*SUWA*), 542 U.S. 55, 64 (2004); *see also Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016)

5

(plaintiff seeking mandamus "must demonstrate . . . that the government agency or official is violating a clear duty to act"). Ikome has not, however, plausibly alleged that the Inspector General is, at this stage, required to investigate Ikome's complaint or issue a report.

Start with the APA. That statute authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The only action that can be compelled, however, is "*required* agency action." *SUWA*, 542 U.S. at 65. Ikome's theory is that under section 4712, the Inspector General was required to issue a report "within 180 days [of] receiving the complaint" or—as happened in this case—within the additional 180-days that Ikome agreed to give the Inspector General. 41 U.S.C. § 4712(b)(2)(A)–(B); *see* ECF 1 ¶ 25.

But the statute does not require the Inspector General to belatedly issue a report if he is unable to finish his work within the statutory time period. Instead, it expressly contemplates that the Inspector General and "head of" the EPA might "not issue[] an order" within the time limit. 41 U.S.C. § 4712(c)(2). Rather than require the agency to take any action at that point, the statute says that the "complainant shall be deemed to have exhausted all administrative remedies" and can "bring a de novo action at law or equity" in a federal district court. *Id.* In other words, after the agency missed the deadline, the statute put an end to the administrative proceedings and authorized Ikome to go to court—which is precisely what he did. *See* ECF 1 ¶ 17. In adopting this set up, Congress deployed a familiar statutory scheme. It "confine[d] agencies . . . to a tight schedule" for resolving whistleblower complaints under section 4712 and provided complainants "prompt access to the courts" upon the expiration of an agency's "finite time to deal" with their complaints. *Wilson v. Pena*, 79 F.3d 154, 167 (D.C. Cir. 1996) (describing similar scheme in employment discrimination statutes). What these schemes contemplate after the agency's time to act is up is the filing of a lawsuit, not further administrative action.

To be sure, that does not necessarily mean the Inspector General is barred from issuing a report after the time has expired. While the question is not presented by this case, other courts have held that an Inspector General and agency do have the power to act even after the statutory deadline. *See Jacobs Project Mgmt. Co.*, 64 F.4th at 130. But even assuming the Inspector General *could* still issue a report in response to Ikome's complaint, Ikome's claim fails. Section 706(1) "empowers a court only to compel . . . non-discretionary act[s]." *SUWA*, 542 U.S. at 64. Because Ikome has not identified any source of law that requires the Inspector General to complete the report after the deadline has passed and administrative remedies are "exhausted," 41 U.S.C. § 4712(c)(2), he has failed to allege a plausible APA claim.[3]

That conclusion also dooms Ikome's mandamus claim. Mandamus is available only where the "official is violating a clear duty to act." *Am. Hosp. Ass'n*, 812 F.3d at 189. Ikome has not identified any such "clear duty." *Id.* While that failure goes to the merits of the APA claim, it is a "jurisdictional" "requirement[]" for mandamus. *Id.* The Court therefore dismisses this claim "for lack of jurisdiction." *Id.*

\*   \*   \*

The Inspector General's motion to dismiss, ECF 8, is **GRANTED**. The APA claim is dismissed for failure to state a claim and the mandamus claim is dismissed for lack of jurisdiction. Ikome's case is **DISMISSED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: May 22, 2026

---

[3] The Inspector General also argues that Ikome's APA claim fails because Ikome had another "adequate remedy"— de novo review of his whistleblower complaint in the case he filed after his administrative remedies were exhausted. *See* ECF 8 at 15; *Ikome II*, 2023 WL 3901791. The Court does not reach this alternative ground.